IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF WYOMING



**FILED**

9:06 am, 1/13/25

**Margaret Botkins**
**Clerk of Court**

| | |
|---|---|
| GLENN HIRAM STEPHENS, III, <br><br> Plaintiff, <br><br> VS. <br><br> BRIAN REGAN, et al., <br><br> Defendants, | Case No. 24-CV-243-R |

**ORDER DISMISSING COMPLAINT [1] AND DENYING MOTION TO PROCEED *IN FORMA PAUPERIS* [2] BUT GRANTING LEAVE TO AMEND**

This matter is before the Court on pro se Plaintiff Glenn Hiram Stephens, III Complaint and his Motion to Proceed In Forma Pauperis ("IFP"). [ECF Nos. 1 and 2]. Plaintiff appears to allege Americans with Disabilities Act and federal housing violations against Defendants. [ECF Nos. 1 and 3]. Plaintiff also moves to proceed without prepayment of the required filing fees. [ECF No. 2]. Because Plaintiff seeks to proceed in forma pauperis, the first step in the litigation process generally begins with the Court screening the Complaint under 28 U.S.C. § 1915. *See Buchheit v. Green*, 705 F.3d 1157, 1161 (10th Cir. 2012) (noting that prompt screening, even for cases involving non-prisoners, "may be a good thing and conserve the resources of defendants forced to respond to baseless lawsuits"). After reviewing Plaintiff's Complaint and IFP Motion, the Court denies Plaintiff's IFP Motion. And Plaintiff's Complaint must be dismissed pursuant to

28 U.S.C. § 1915(e)(2) screening, but Plaintiff is granted leave to amend his Complaint and to file an amended IFP motion.

## STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 1915(a) an indigent party may commence a federal action without prepayment of the required costs and fees upon submission of an affidavit containing a "statement of all assets such prisoner possess that the person is unable to pay such fees or give security therefor [,]" and stating the nature of the action and the moving party's "belief [they are] entitled to redress." 28 U.S.C. § 1915(a). Because there is an in forma pauperis request, the Court is required to screen the Complaint and Plaintiff's affidavit alleging poverty pursuant to 28 U.S.C § 1915. *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311–12 (10th Cir. 2005) (applying the screening requirements to a motion to proceed in forma pauperis stating that 28 U.S.C § 1915 "applies to all persons applying for IFP status, and not just to prisoners."). 28 U.S.C. § 1915 states:

> [A]ny court of the United States may authorize the commencement . . . of any suit, . . . without prepayment of fees . . . by a person who submits an affidavit that includes a statement of all assets such [person] possesses [and establishes] that the person is unable to pay such fees.
> . . .
> Notwithstanding any filing fee . . . that may have been paid, the court shall dismiss the case at any time if the court determines that—
>     (A) the allegation of poverty is untrue; or
>     (B) the action or appeal—
>         (i)    is frivolous or malicious;
>         (ii)   fails to state a claim on which relief may be granted; or
>         (iii)  seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(a)(1), (e)(2). Therefore, in addition to demonstrating an inability to pay the required filing fee, the movant must also provide a "reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

When the Court reviews a complaint for failure to state a claim, it must "accept as true all well-pleaded factual allegations in a complaint and view these allegations in the light most favorable to the plaintiff." *Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). A complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The "plausibility standard" is not a probability requirement but requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* A plaintiff is not required to set forth "detailed factual allegations," but must offer more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement." *Id.* (alterations and internal quotation marks omitted).

The Court liberally construes the filings of pro se litigants and holds them to a less stringent standard than those drafted by attorneys. *United States v. Hald*, 8 F.4th 932, 949, n. 10 (10th Cir. 2021). However, "it is not . . . the 'proper function of the district court to assume the role of advocate for the *pro* se litigant.'" *Rigler v. Lampert*, 248 F.Supp.3d 1224, 1232 (D. Wyo. 2017) (quoting *Hall v. Bellmon*, 935 F. 2d 1106, 1110 (10th Cir. 1991)).

**RULING OF THE COURT**

Plaintiff's Complaint [ECF No. 1] and self-titled Notice of Removal [ECF No. 3] are handwritten documents that provide little actual insight into the allegations and underlying facts and circumstances that would support a federal claim in this Court. While it is unclear exactly what Plaintiff claims, Plaintiff appears to allege Americans with Disabilities Act and federal housing violations against Defendants. [ECF Nos. 1 and 3]. From what this Court can glean, all Defendants reside in, and the subject residential building is in Pennsylvania., while Plaintiff is in Colorado. Plaintiff offers nothing that would suggest this Court has jurisdiction or that this is the proper venue to hear Plaintiff's claims.

Further, in order to meet the plausibility standard discussed above, a pro se litigant must provide the grounds for the requested relief, and this requires more than mere labels, conclusions, and a recitation of the elements of a cause of action. *McGee v. Lawless*, No. 19-3048-SAC, 2019 WL 2994543, at *2 (D. Kan. July 9, 2019) at *2 (internal citations and quotations omitted). The complaint must contain sufficient factual allegations to raise a right to relief beyond speculation and state a claim that is plausible on its face. *Id*. Mere conclusory allegations that lack any factual support are not sufficient to state a claim upon which relief can be granted. *Id*. Additionally, a complaint must explain specifically the actions of each defendant, when each defendant committed that alleged action, how each defendant's action harmed the plaintiff, and explain what legal right was violated. *Id*.

Here, Plaintiff names numerous defendants. However, Plaintiff's Complaint and Notice of Removal are devoid of any explanation or allegation as to how any of the

Defendant's actions resulted in viable claim. Plaintiff must sufficiently address and identify how each Defendant through their own individual actions has committed the alleged offense. *Harris-Albano v. Topeka Corr. Facility*, No. 21-3015-SAC, 2021 WL 1534538, at *2 (D. Kan. Apr. 19, 2021). "Plaintiff must name every defendant in the caption of the amended complaint. See Fed. R. Civ. P. 10(a). Plaintiff must refer to each defendant in the body of the complaint and must allege specific facts that describe the allegedly unconstitutional acts or omissions by each defendant, including dates, locations, and circumstances." *Id*. In order to meet the requisite plausibility standard, a pro se complaint must make clear exactly who is alleged to have done what to the plaintiff. *Gustuson v. Salt Lake Cnty. Jail*, No. 2:22-CV-00264-JNP, 2023 WL 4745683, at *2 (D. Utah July 25, 2023) (internal quotations and citations omitted). "Each cause of action, together with the facts and citations that directly support it, should be stated separately" and a "[p]laintiff should be as brief as possible while still using enough words to fully explain the 'who,' 'what,' 'where,' 'when,' and 'why' of each claim." *Id*.

Plaintiff's Complaint and Notice of Removal lack the necessary factual assertions and direct allegations against each defendant to apprise fair notice of what the exact claims against each defendant are and the grounds upon which the claims rest. Plaintiff's pleadings do not contain a short plain statement as required under Rule 8 of the Federal Rules of Civil Procedure, and neither defendants nor the Court can reasonably understand the allegations or prepare a response.

Plaintiff also asks this Court for leave to proceed in forma pauperis. [ECF No. 2]. Plaintiff asserts he lacks sufficient funds or property to pay the filing fee of $350.00. Courts

have broad discretion to determine whether to grant a civil litigant permission to proceed in forma pauperis. *Yapp v. Excel Corp.*, 186 F.3d 1222, 1230 (10th Cir. 1999). However, "a person should not be denied the opportunity to proceed under 28 U.S.C § 1915(a) simply because he or she is not absolutely destitute." *Brewer v. City of Overland Park Police Dept.*, 24 F. App'x 977, 979 (10th Cir. 2004) (quoting *Adkins v. E.I. DuPont De Nemours & Co.*, 3335 U.S. 331, 339–40 (1948) (internal quotations omitted)). Plaintiff's IFP motion indicates that he is unemployed, and that he has no cash, checking, or savings accounts. Plaintiff's IFP Motion also indicates that he has received Pensions, annuities, or life insurance payments as well as has another source of income. Plaintiff, however, does not expand and describe each source of income and state the amount received and what if any amount he expects to continue to receive as required. Consequently, Plaintiff does not provide sufficient information for the Court to make a proper determination regarding Plaintiff's IFP status.

## CONCLUSION

Plaintiff's Complaint is dismissed pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure as frivolous and for failure to state a claim upon which relief can be granted. A complaint is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). Here, Plaintiff's Complaint lacks any arguable basis in law or fact and therefore the Court concludes it is frivolous and must be dismissed.

Nevertheless, the Tenth Circuit has "stated that 'dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the plaintiff cannot prevail on

the facts he has alleged and it would be futile to give him an opportunity to amend." *Oxendine v. Kaplan*, 241 F.3d 1272, 1275 (10th Cir. 2001) (quoting *Perkins v. Kansas Dep't of Corrections*, 165 F.3d 803, 806 (10th Cir. 1999)). The Court grants Plaintiff leave to amend. Plaintiff has until February 14, 2025, to file a proper complaint in which he raises only properly joined claims and defendants, alleges sufficient facts to state a claim in federal court in this jurisdiction, and to support the underling claims. *McGee v. Lawless*, No. 19-3048-SAC, 2019 WL 2994543, at *4 (D. Kan. July 9, 2019). If Plaintiff does not "timely file an amended complaint, or files another pleading that fails to state a claim, the Court may dismiss the case with prejudice and without further notice." *Earl Mayfield, Plaintiff, v. LT. Jackson, & C.O. Cloud, Defendants*, No. 20-CV-0952 KG-LF, 2021 WL 2982401, at *4 (D.N.M. July 15, 2021). If Plaintiff files an amended complaint, the Court will screen it under § 1915A and only after that will it order service on Defendants.

**NOW, THEREFORE, THE COURT ORDERS** Plaintiff's Complaint [ECF No. 1] and Notice of Removal [ECF No. 3] are **DISMISSED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** Plaintiff's Motion to proceed in forma pauperis [ECF No. 2] is **DENIED WITHOUT PREJUDICE.**

**IT IS FURTHER ORDERED** Plaintiff is **GRANTED LEAVE TO AMEND.**

**IT IS FURTHER ORDERED** Plaintiff may file an amended complaint and an amended motion to proceed in forma pauperis on or before February 14, 2025.

Dated this 13th day of January, 2025.

Kelly H. Rankin
United States District Judge